| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** <br> **DIVISION OF ST. CROIX** | |

**MISTY WINTER,**

                    **Plaintiff,**

    v.

**VIRGIN ISLANDS TELEPHONE CORPORATION d/b/a VIYA and VIRGIN ISLANDS WATER AND POWER AUTHORITY,**

                    **Defendants.**
_____

**1:19-cv-00016**

**TO:**    Trudy Fenster, Esq.
          Pamela Lynn Colon, Esq.
          Jennifer P. Brooks, Esq.
          Chivonne A.S. Thomas, Esq.
          Robert L. King, Esq.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Defendant Virgin Islands Water and Power Authority's ("WAPA") "Emergency Motion to Stay of Proceedings and Deadlines for Sixty Days" (ECF No. 39). Plaintiff filed an opposition thereto (ECF No. 40), and WAPA filed a reply (ECF No. 41).

WAPA seeks a 60-day extension to mediation. The only basis for extension offered by WAPA is that it had a change in counsel after terminating its previous counsel. (ECF No. 39-1 at 1). In an affidavit, new counsel Robert L. King testified as followed:

> Over the course of the last week a series of unusual circumstances caused Defendant Virgin Islands Water & Power Authority to terminate the services of their counsel. As a result, Defendant WAPA requested that I take over representation of this matter. In order to properly advise my client, I need to

*Winter v. Virgin Islands Telephone Corporation*
1:19-cv-00016
Order
Page 2

> be able to review the entire file, including depositions which held as late as last week and to the best of my knowledge have not been transcribed.

(ECF No. 39-1 at 1).

The Court's authority "to control the disposition of the causes on its docket with economy of time and effort" implicitly carries with it "the power to stay proceedings[.]" *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). In making such a determination, courts "must weigh competing interests" and strive to "maintain an even balance[,]" *id.* at 254-55, mindful that the stay of a civil proceeding constitutes "an 'extraordinary remedy.'" *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.,* 7 F. Supp. 2d 523, 526 (D.N.J. 1998).

The Court finds that a change of counsel is not enough to establish good cause to allow for an extension of time to mediate. As pointed out by Plaintiff, "WAPA *voluntarily chose* to terminate its Deputy Counsel, Mark Kragel three days prior to the mediation date it agreed to. It further decided to engage Attorney Robert King to represent it only two days before the mediate date it agreed to." (ECF No. 40 at 4). Thus, even though WAPA appears to be scrambling at the last minute to get itself organized for mediation, the haphazardness of the situation appears to be a consequence of its own creation. Plaintiff should not suffer a delay in mediation because of WAPA's internal corporate decision.

WHEREFORE, it is now hereby **ORDERED** that Defendant Virgin Islands Water and Power Authority's ("WAPA") "Emergency Motion to Stay of Proceedings and Deadlines for Sixty Days" (ECF No. 39) is **DENIED**.

*Winter v. Virgin Islands Telephone Corporation*
1:19-cv-00016
Order
Page 3

                                                          ENTER:

Dated: June 25, 2020                 /s/ George W. Cannon, Jr.
                                                          GEORGE W. CANNON, JR.
                                                          MAGISTRATE JUDGE